**BARNSDALL OIL CO. et al. v. RAILROAD COMMISSION et al.**

No. 8382.

Court of Civil Appeals of Texas. Austin.

Dec. 11, 1935.

Rehearing Denied Jan. 29, 1936.

Joe S. Brown, of Houston, and E. R. Pedigo, of Austin, for appellant Gulf Production Co.

M. D. Kirk, of Tulsa, Okl., R. E. Seagler, of Houston, and Powell, Wirtz, Rauhut & Gideon, of Austin, for appellants Barnsdall Oil Co. and Humble Oil & Refining Co.

Wm. McCraw, Atty. Gen., and Harry S. Pollard, Asst. Atty. Gen., for appellee Railroad Commission.

Carl L. Phinney, of Dallas, and J. C. Duvall, of Fort Worth, for appellee W. C. Turnbow.

BAUGH, Justice.

This is a rule 37 case. It arose as follows: J. R. McGrede, one of six McGrede children, sued the Humack Oil Company, holder of an oil and gas lease on 41 acres of land in Gregg county, and his five brothers and sisters, to cancel said oil lease and to recover his alleged interest in the land. An agreed judgment was entered in that suit on February 14, 1934, setting aside to all of the McGrede children jointly an undivided seven-eighths interest in and to a leasehold on 2½ acres out of the northwest corner of said 41-acre tract. This 2½-acre tract was 545 feet long and 200 feet wide. This land was thereupon divided by said children into 6 lots, 90 feet by 200 feet each, and one lot set apart to each of said children. The lease on the 2½-acre tract was then assigned by them through varying channels to W. C. Turnbow, who applied to the Railroad Commission for permits to drill 6 wells on said 2½ acres, one well on each of said lots, as exceptions to rule 37. This application was docketed as case No. 13587 on the docket of the commission, a hearing had thereon on July 2, 1934, and on September 7, 1934, the commission entered its order denying Turnbow's application. Thereafter, on September 25, 1934, Turnbow, by written instrument that day filed with the commission, requested the commission to reconsider its order denying him 6 wells, and to grant him permits to drill 2 wells at designated locations on said 2½ acres, on condition that the McGrede heirs pool their interests therein. On the same date, and obviously without further notice to adjacent leaseholders or further hearing, the commission granted Turnbow permits for two wells at such designated locations on

said 2½-acre tract as exceptions to rule 37, "to prevent confiscation of property." Thereupon Barnsdall Oil Company, one of the adjacent lease owners, appealed from said order of the commission by filing suit in the Ninety-Eighth district court of Travis county, against Turnbow and the commission to set aside said order of September 25th, and restrain the drilling of said wells. Said district court on September 29th entered a temporary restraining order as prayed for, returnable on October 15, 1934. In that suit, the other appellants herein, being the adjacent leaseholders, intervened. After a hearing on October 15, 1934, the district court entered a temporary injunction restraining the drilling of said two wells complained of, pending a final hearing upon the merits. While this temporary injunction was in force, the Railroad Commission again undertook to assume jurisdiction over Turnbow's application, issued notices to the adjacent lease owners, had a hearing on same on November 4, 1934, and on November 9, 1934, again entered an order granting to Turnbow permits for two wells on said 2½-acre tract in the same locations and in the same language embodied in their order of September 25, 1934, suit to set aside which was then still pending in the Ninety-Eighth district court, which fact was made known to the commission before it issued its order of November 9, 1934.

Appellants thereupon brought this suit in the 126th district court of Travis county against the commission and Turnbow, to set aside the order of November 9th, and to restrain Turnbow from drilling said wells or operating same on the ground, among others, that the drilling or operation of such wells would cause waste in violation of the conservation laws. The case was thereafter transferred to the Fifty-Third district court of Travis county, and heard by a transferred district judge. After a full hearing on the merits, the trial court refused the injunction and sustained the commission's order.

We have concluded that it is unnecessary to discuss the merits of the case. Under the facts above recited, after the jurisdiction of the Ninety-Eighth district court had been invoked on Turnbow's right to develop this 2½-acre tract, the Railroad Commission was clearly without jurisdiction over that subject-matter while such suit was pending. To hold otherwise would be to permit the commission, whenever it saw fit, to defeat or destroy the power of the courts to pass upon the validity of its orders; a power essentially judicial in nature, and one expressly vested in the courts by the conservation laws themselves. In the instant case, the same parties and the identical subject-matter were involved in the order of November 9th as in the order of September 25th, from which latter order an appeal to the court had already been taken and was still pending. The order of November 9, 1934, was therefore of no force and effect for lack of jurisdiction in the commission to issue it, and no rights vested under it. Stewart v. Smith (Tex.Sup.) 83 S.W.(2d) 945; Edgar v. Standolind Oil & Gas Co., 90 S. W.(2d) 656. That being true, the proceedings before the commission on which it was based become immaterial. The order of November 9th, attacked herein, was a nullity, and the trial court should have so held, and left the merits of the controversy, the issue of whether the parties were entitled to the wells in question on said 2½-acre tract, to be adjudicated in the suit already pending involving that issue.

The judgment of the trial court will therefore be reversed, and judgment here rendered annulling and setting aside the order of the commission of November 9, 1934, which undertook to grant to Turnbow a permit to drill the two wells therein designated on said 2½-acre tract. Such injunctive relief as may be authorized can be granted as the circumstances may now warrant in connection with the appeal taken from the commission's order of September 25, 1934, pending in the Ninety-Eighth district court of Travis county.

Reversed and rendered.