**RAILROAD COMMISSION OF TEXAS et al. v. NORTH TEXAS COACH CO.**

No. 8459.

Court of Civil Appeals of Texas. Austin.

Feb. 12, 1936.

Rehearing Denied March 4, 1936.

Wm. McCraw, Atty. Gen., and Curtis E. Hill, Asst. Atty. Gen., for appellants.

Bennett L. Smith, Price & Christopher, and William E. Dahl, all of Fort Worth, for appellee.

BAUGH, Justice.

Appeal is by the Railroad Commission from a temporary injunction granted against it upon the application of appellee. The following background for the injunction appears: The Railroad Commission had granted to one W. Morten a motorbus permit of public convenience and necessity to operate over highways 114 and 2, between Dallas and Decatur. By separate order it had also granted to Morten a permit to operate between Decatur and Wichita Falls. Under the latter permit, Morten was not allowed to pick up nor deliver local passengers at stations between these two points, but was confined to through traffic from Wichita Falls to Decatur and beyond; and from Dallas and points between there and Decatur through passengers to Wichita Falls and beyond.

These two permits were attacked by separate suits filed by the North Texas Coach Company in the district courts of Travis county. Plea in abatement was filed to the suit attacking the permit between Dallas and Decatur, on the ground that the suit attacking permit between Decatur and Wichita Falls was then pending involving the same subject-matter. This plea in abatement was sustained and on appeal the trial court's judgment was affirmed in North Texas Coach Co. v. Winfield Morten et al., 92 S.W. 263.

While these suits were pending, Morten filed with the commission an application to consolidate these two certificates and to have the commission "publish its orders declaring the type of through service which applicant's certificates authorize to be rendered to the traveling public." This application along with others, some of which pertained to the same subject-matter, was by the commission set down for hearing at the Baker Hotel, in Dallas, Tex., on December 4, 1935, the order setting the hearing reciting:

"The Commission will, at said hearing, hear all the facts and statements that may be presented pertaining to the above matter, and will, in pursuance of such hearing and the facts there presented and the conditions then shown to exist, enter such order or orders in the premises as may, in its opinion, be just, proper and equitable to all interests concerned."

Thereupon appellee applied for and was on November 30, 1935, granted the injunction herein appealed from. The order of the court merely granted the relief prayed for. This was as follows:

"That upon the presentation of this amended petition that the Railroad Commission of Texas, its agents, servants, and representatives, be temporarily restrained and enjoined, pending the further orders of this court, from hearing any application or motion of any kind, character, or description affecting or attempting in any way to affect its order of April 26, 1934, or certificate No. 694 based thereon, and from hearing any application, motion, or other character of action whatsoever which would in any way enlarge, give legal sanction to, or in any way affecting the rights of the parties in this litigation as they existed on February 19, 1935, and from authorizing or attempting to authorize any other or different kind or character of

service except as to the use of said certificates heretofore authorized or attempted to be authorized by the Commission or operation other than that which the Railroad Commission of Texas had attempted to authorize under its aforesaid certificate as of February 19, 1935, the date upon which this appeal was perfected to this court."

■ Appellant first contends that the result of such injunction is to suspend the operation of section 12 of the Motorbus Act (Vernon's Ann.Civ.St. art. 911a, § 12), providing, among other things, that "the Commission shall have the power and authority under this Act * * * to hear and determine all applications of motor-bus companys," etc. This contention is not sustained. The injunction granted has no such effect. It is confined entirely to prohibiting the commission from taking any further action on the permits or certificates of Morten, the validity of which was then under attack in the court issuing the injunction. From the notice issued by the commission on Morten's application to consolidate such permits, it appears that the commission not only contemplated further hearings thereon, but the issuance, if it saw fit, of further orders affecting the same permits. While the commission could with propriety, we think, conduct further hearings on a permit, the validity of which was under attack in a court of competent jurisdiction, even while such case is pending, if done for the purpose of regulation after its validity shall have been finally adjudicated; but where, as here, it is conducted for the purpose of modifying a former order in disregard of the court's jurisdiction over it, as its order setting the hearing indicated, it is without authority to do so.

■ It is now well settled that when an order of the commission is attacked by appeal therefrom to the district court under the statute, the commission loses jurisdiction over such order and is without authority to take any action thereon while such suit is pending. Its attempt to do so would be a clear interference by the commission with the jurisdiction of the court over the subject-matter in litigation. Stewart v. Smith (Tex.Sup.) 83 S.W.(2d) 945; Edgar v. Stanolind Oil Co. (Tex. Civ.App.) 90 S.W.(2d) 656; Barnsdall Oil Co. v. Railroad Commssion (Tex.Civ.App.) 90 S.W.(2d) 663.

■ In the instant case the very subject-matter, the validity of Morten's permits, was in litigation. The only effect of the injunction granted was to prevent the commission from in any manner interfering with this subject-matter or the rights of the parties thereunder, until same could be adjudicated. The court had the power to issue an injunction necessary to protect its jurisdiction, and to maintain the status quo of the subject-matter, pending a determination of the merits of the controversy. This, in effect, is the purpose and extent of injunctive relief granted. The judgment of the trial court is therefore affirmed.

Affirmed.