## McNENY et al. v. RAILROAD COMMISSION OF TEXAS et al.

### No. 8491.

Court of Civil Appeals of Texas. Austin.

June 4, 1936.

Rehearing Granted June 24, 1936.

C. H. Machen, of Dallas, and Powell, Wirtz, Rauhut & Gideon, of Austin, for appellants.

Upchurch & Hooper and Willis E. Gresham, all of Austin, for appellees Bering Oil Co. and Wynne Drilling Co.

Wm. McCraw, Atty. Gen., and Harry S. Pollard, Asst. Atty. Gen., for appellee Railroad Commission of Texas.

McCLENDON, Chief Justice.

This is a rule 37 (oil well spacing rule) case. The merits of the controversy concern the right of appellee Bering Oil Company (called defendant for convenience) to drill an oil well upon a 1/4-acre tract in the East Texas Oil Field. The questions which the appeal involves do not, however, concern the merits of the controversy, but only questions of procedure are raised, alternately, by one side or the other. The controlling record facts, stated chronologically, follow (all dates are in 1935, except as otherwise stated):

August 7th, appellants (called plaintiffs for convenience), adjoining leaseholders to the tract in issue, sued the Railroad Commission, defendant, and others in the Ninety-Eighth judicial district court of Travis county, to set aside an order of the Commission of July 10th, to drill well No. 1 on the involved tract, and for ancillary injunctive relief. Various grounds of invalidity of the order were asserted; among them, that it was issued ex parte and without requisite notice or hearing, after the Commission had previously denied a permit to drill on the tract.

August 7th, the judge passed a temporary restraining order, pending hearing (set for August 19th) of an application for temporary injunction, restraining "all further operations of said well."

August 13th, the judge modified this restraining order so as to permit drilling "to the extent necessary to set and cement casing in said well," but not to "drill in the plug or produce oil therefrom pending hearing" on the injunction application.

August 19th, defendant filed a verified answer asserting, inter alia, that the "permit to drill the well in controversy was entered after full hearing held pursuant to notice given to all adjacent lessees."

Hearing upon the injunction application was had August 19th, and on August 20th, an order was entered, reciting that, "having heard the pleadings, evidence and argument, the Court is of the opinion that the order" granting the permit "is void for lack of proper notice and hearing," and thereupon "temporarily" enjoining further drill-ing or producing oil from the well, "until further orders of this Court." The order further provided: "This, however, shall be without prejudice to the right of said defendants to go back before the Railroad Commission and apply for, hold a hearing on and prosecute such permit as may be granted them to drill the well in controversy after notice and hearing, and without prejudice to the right of said Commission to receive, hear and grant such permit if it so decides."

The order further recited: "To which judgment of the Court the defendants duly excepted and gave notice of appeal" to this court. No further steps were taken to bring the order to this court for review. It should be noted, in this connection, that the Railroad Commission was a party defendant, and was not required to file an appeal bond.

September 3d, the Railroad Commission and its individual members filed an original answer to plaintiffs' petition, consisting of a general demurrer and general denial.

September 12th, an order was entered reciting that, "it being made known to the Court" that defendant pursuant to the order of August 20th, had applied for and received a valid permit from the Commission "to drill the well in controversy," and thereupon ordering that the temporary injunction "is in all things held null, void and no longer operative."

October 8th, plaintiffs were granted leave to amend their pleadings; the order reciting that it was passed upon hearing of plaintiffs' motion for such leave.

November 18th, plaintiffs filed their first amended original petition in which, in addition to repeating their allegations of invalidity of the July 10th permit, they alleged an application by defendant to the Commission for permit on August 21st, their exception before the Commission to its jurisdiction by reason of the pendency of this suit, overruling of the exception, and granting the permit by the Commission on September 11th. They asserted the invalidity of this permit for various reasons, including want of jurisdiction because of pendency of this suit.

The following proceedings were had January 7, 1936.

Plaintiffs filed a verified motion to vacate the order of September 12th (holding void and no longer operative the temporary injunction of August 20th), alleging that they had no notice or knowledge of such order.

In the alternative, they prayed that the order be amended by eliminating the recital that defendants had obtained a valid permit from the Commission.

The court overruled the motion to vacate, but amended the order by striking therefrom the word "valid."

All defendants joined in a plea to the jurisdiction of the court to adjudicate the validity of the September 11th order in this suit; predicated upon the proposition that the July 10th and September 11th orders were separate and distinct, and the latter could not be reviewed in a proceeding brought to review the former, but could only be reviewed in a separate suit brought for that purpose. This plea was contested by plaintiffs, who alleged that the September order was to drill in the same location and in fact in the same hole as that involved in the July order. This allegation was admitted upon the hearing of the plea, which the court sustained, and struck out all allegations of the amended petition relating to the September order. Thereupon, defendants admitted that the July order was issued without the requisite notice and hearing, and asserted that they were not claiming or exercising any rights thereunder. Upon this admission the court rendered final judgment holding void the July order, and perpetually enjoining defendants from drilling or producing oil from the well as granted therein.

Plaintiffs have appealed from that part of the judgment which sustained the plea to the jurisdiction and struck from their amended petition all allegations questioning the validity of the September order.

Appellee's contention that the trial court correctly sustained the plea to the jurisdiction may be substantially stated as follows: Subject-matter of the suit as originally brought was the validity of the July order. Validity of the September order constituted a wholly separate and distinct subject-matter. A suit to review an order of the Commission is a special statutory proceeding, which must be strictly complied with (Alpha Pet. Co. v. Terrell, 122 Tex. 257, 59 S.W.(2d) 364, 372); and since the statute (section 14, c. 76, p. 180, Gen.Laws 1935, Reg.Sess. [Vernon's Ann.Civ.St. art. 6049c, § 8]) authorizes any interested party aggrieved "by any rule, regulation or order" of the Commission (using said terms in the singular and in the alternative) to bring suit, each such rule, regulation, or order must be the subject of a separate suit.

This construction of the statute is, we think, unwarranted. The mere use of the singular is unimportant and is no warrant for the construction urged. It may be noted that the right to sue is given to "any interested person." Here the singular was also used. Could it be reasonably urged that if more than one person were affected by an order, each must file a separate suit to review it? Moreover, the statute itself uses the plural in the same sentence and in the same connection wherein the right is conferred "to file a suit * * * to test the validity of said * * * rules, regulations or orders." We do not, however, attach any importance to the use of the singular alternative or plural. We cannot conceive that the Legislature intended such narrow and technical interpretation of the statutes as is contended for. The two orders related to the identical subject-matter; the right to drill on the tract as an exception to rule 37. This was recognized by defendants in obtaining the order of September 12th, nullifying the temporary injunction on the express ground that they had obtained a "valid" permit under the September order to drill the well in issue. If its validity were wholly beyond the jurisdiction of the court, the September order could not be considered for any purpose, and certainly not as a basis for annulling the injunctive relief ancillary to a contest over the validity of the July order.

We do not think the issue here presented can in any proper sense be one affecting the court's jurisdiction. Whether separate orders of the Commission may be joined in a single suit to test their validity is essentially one of proper joinder and not of jurisdiction. The latter concerns the inherent power of the court to hear and determine; the former the propriety of hearing and determining in a single suit. This latter (proper joinder) depends upon the identity or interrelation of the subject-matter of the orders sought to be joined. North Texas Coach Co. v. Morten (Tex.Civ.App.) 92 S.W.(2d) 263. Appellees conceded that if two separate suits had been brought, they could thereafter have been consolidated. We are unable to grasp the distinction between original joinder and subsequent consolidation, if the question is one of jurisdiction; that is, power to hear and determine in a single suit.

Appellees' contention in this regard is further inconsistent with the holding (considered below) that as long as a

suit is pending to test the validity of a permit to drill on a specific tract of land as an exception to rule 37, the Commission is deprived of all jurisdiction to entertain or consider a subsequent application for such permit, and any order it may enter in that regard is void. It necessarily follows that the court's potential jurisdiction, conferred by the pending suit, extends to any order the Commission may make pending the suit which may affect the subject-matter of the suit.

The remaining questions are considered because they will necessarily arise upon another trial.

As above stated, "after the judicial arm of the state had assumed jurisdiction of the matter * * * the Railroad Commission was without jurisdiction." Stewart v. Smith (Tex.Sup.) 83 S.W.(2d) 945, 947; Barnsdall Oil Co. v. Railroad Commission (Tex.Civ.App.) 90 S.W.(2d) 663.

Appellees concede this general proposition, but assert the validity of the September order on two grounds: (1) The July order was void for want of notice and hearing, and defendant's application to the Commission, after the court had so held in its August 20th order, was tantamount to an abandonment of all rights under the prior order; (2) the August 20th court order expressly conferred jurisdiction on the Commission to further hear and determine the matter.

■ The July order was not void on its face. But even if it were, defendant was asserting its validity under oath on the very day (August 19th) the hearing was had on the application for temporary injunction, and all defendants excepted to the injunctive order and gave notice of appeal to this court. Defendant had been drilling the well under that order, up to the time it was restrained from so doing. Application to the Commission for another permit cannot, we think, be treated under these circumstances as an abandonment of any right under the July permit. The Commission evidently did not regard the August 21st application for permit as an abandonment of all rights under the July permit, since it filed an answer on September 8th, while the application was pending, putting in issue every fact allegation in plaintiffs' original petition. Had the August 21st application for permit been denied by the Commission, all defendants were free to litigate the validity of the July permit, untrammeled by the recitations of its invalidity in the injunctive order of August 20th. Had de-

fendants, on August 19th, at the injunction hearing, made the admission they made on January 7th, the court might then have rendered final judgment as it did on January 7th, annulling the July permit, but without prejudice to defendant to make further application to the Commission. They not only did not make such admission, but affirmatively asserted, under oath, the existence of facts which, if true, would render the permit valid. Under the record showing, the August 21st application cannot be construed as an abandonment of the July permit, or as in any way affecting the exclusive jurisdiction of "the judicial arm of the state" over the subject-matter of that permit, which was the right to drill the well in question as an exception to rule 37.

■ Appellees' second contention presents a question not free from doubt. We have reached the conclusion, however, that it follows from the holding in Stewart v. Smith (that pendency of the suit deprived the Commission of all jurisdiction in the matter) that the trial court was without power to confer jurisdiction upon the Commission while retaining jurisdiction in itself. Defendant contends it has a right to drill the well as an exception to rule 37. That right, if it exists, cannot be lawfully exercised without a valid permit. It obtained the July permit, the validity of which it asserted, and under which it began drilling. The suit put in issue the validity of that permit, and transferred all jurisdiction over the controversy from the Commission to the court. Defendant could not concurrently pursue his right to a permit in the court and in the Commission. Such is the holding in the cited cases. It follows, we think, that the court was without power to surrender any part of its jurisdiction to the Commission. The exercise of jurisdiction is not discretionary. It reposes in the court as a mandatory duty. It cannot be waived, delegated, or transferred to some other body; and where, as here, it is exclusive, it remains so until it is finally terminated. Any other rule, we think, would lead to interminable confusion and delay in adjudicating the controversies which arise under the conservation laws and rules promulgated thereunder.

■ It is argued, with much force, that since the Commission has already had a hearing, after due notice, and granted the permit, it would be much simpler to try out the validity of the permit, than to strike it down for want of jurisdiction, and

require a new application and hearing, which would be but to require a doing over of what has already been done. However cogent this reasoning may appear, we believe it is fully answered by the holding that the matter is one of jurisdiction. Defendant was put to an election whether to abandon effectually and completely his July permit and apply for a new permit, or to litigate the validity of the July permit. He could not do both; and having elected not to abandon the July permit, he was precluded from seeking a new permit, until his right to the July permit was finally adjudicated.

■ Appellants contend that the judgment (rendered upon admission and not appealed from) is res judicata of defendant's right to any permit to drill on the tract. We overrule this contention. The judgment merely decreed void the July permit for want of notice and hearing. Defendant's ultimate right to drill on the tract was not adjudicated or affected by striking down the July order on this ground.

So much of the judgment of the trial court as sustained the plea to its jurisdiction and struck from appellants' pleadings the allegations regarding the September order and permit, is reversed, and the cause is remanded. The portion of the judgment relating to the July order is affirmed.

Reversed and remanded in part, and in part affirmed.