TURNBOW et al. v. BARNSDALL OIL CO. et al.

No. 8513.

Court of Civil Appeals of Texas. Austin.

Nov. 12, 1936.

Rehearing Denied Dec. 23, 1936.

Felts, Wheeler & Wheeler, of Austin, J. C. Duvall, of Fort Worth, Carl Phinney, of Dallas, and Saye & Saye, of Longview, for appellant W. C. Turnbow.

Wm. McCraw, Atty. Gen., and W. B. McMillan and Harry S. Pollard, Asst. Attys. Gen., for appellant Railroad Commission.

Joe S. Brown, of Houston, and Stanley Hornsby, of Austin, for appellee Gulf Production Co.

R. E. Seagler, of Houston, and Powell, Wirtz, Rauhut & Gideon, of Austin, for appellee Humble Oil & Refining Co.

M. D. Kirk, of Tulsa, Okl., and Powell, Wirtz, Rauhut & Gideon, of Austin, for appellee Barnsdall Oil Co.

BAUGH, Justice.

This is a rule 37 case. Turnbow and the Railroad Commission are appellants. Barnsdall Oil Company, the original plaintiff, and Humble Oil & Refining Company and Gulf Production Company, interveners, are appellees. Suit was filed as an appeal from an order of the Railroad Commission, dated September 25, 1934, granting to Turnbow permits to drill two wells on 2½ acres of land, 200 feet wide by 545 feet long, in the East Texas oil field in Gregg county. After a trial upon the merits, the trial court granted the relief prayed for; hence this appeal.

The facts involved are fully stated in Barnsdall Oil Company v. Railroad Commission (Tex.Civ.App.) 90 S.W.(2d) 663, in which the same parties, the same lands, and the same well locations were involved as here. We refer to that case without restating the facts here. This appeal is from a final judgment in the suit pending which we held, in the cited case, deprived the Railroad Commission of jurisdiction to enter the subsequent order of the commission which was set aside in that appeal. In the instant case Turnbow applied for permits for six wells, on said 2½ acres, one well on each of the six small tracts into which it had been subdivided, all as exceptions to rule 37. Hearing was had on this application on July 2, 1934, after notice to adjacent leaseholders, and the application denied on September 7, 1934. Thereafter, on September 25, 1934, and without further notice to adjacent leaseholders or hearing thereon, the Railroad Commission entered the order here involved on the same application of Turnbow, granting permits for two wells at designated locations on said 2½-acre tract on condition that the owners of the six subdivisions thereof pool their interests and share in the oil produced from the two wells so authorized. This order the trial court set aside, enjoined the production of oil from said wells, and, same having already been drilled, entered a mandatory order requiring Turnbow to plug said wells.

The Attorney General, on behalf of the Railroad Commission, admits in his brief that, in so far as the trial court's judgment sets aside the permits attacked, it should be affirmed for the reason that same were granted without notice or hearing by the commission. Other contentions, however, are made by him which will hereafter be discussed.

■ The trial court found, and such finding is not attacked, that, in addition to the granting of the permits without notice or hearing, said 2½-acre tract was voluntarily segregated in 1934, through an agreed judgment, from a larger tract capable of development as a whole without the necessity of exceptions to rule 37; and which larger tract out of which it was carved was then in fact being adequately developed as a whole through wells already drilled thereon. This brings this case clearly within the rules announced originally in Sun Oil Company v. Railroad Commission (Tex.Civ. App.) 68 S.W.(2d) 609; Humble Oil & Refining Company v. Railroad Commission (Tex.Civ.App.) 68 S.W.(2d) 622, affirmed by Supreme Court in Brown v. Humble Oil & Refining Co., 83 S.W.(2d) 935, 99 A.L. R. 1107; Smith v. Stewart (Tex.Civ.App.) 68 S.W.(2d) 627, affirmed by Supreme Court in 83 S.W.(2d) 945, and since then repeatedly reaffirmed by the courts.

While the foregoing effectually disposes of this appeal, we advert briefly to the con-

tentions made by appellant Turnbow. He asserts the invalidity of rule 37 on two grounds: First, that as applied to the entire field it has been rendered nugatory by the granting of so many exceptions thereto. That is, that it has been so administered by the Railroad Commission as to destroy its purpose, and is therefore no longer of any value as a conservation measure. Second, that the commission itself in its order of August 26, 1935, has found that "the more wells that are drilled the greater will be the ultimate recovery of oil and gas from any given pool.

"The hearing just closed raises grave doubts as to the wisdom or value of any Rule 37 in preventing waste or in aid of the recovery of oil."

This recital, appellant contends, is an official finding by the commission that its rule 37 is valueless as a conservation measure, does not prevent waste which, under the statute, is the only foundation on which it can be sustained, and that the findings of the commission itself render the rule void.

Both of these contentions have been considered heretofore by the courts and overruled. Rule 37, one of the cardinal rules of the commission, adopted after extensive hearings as essential to conserve the natural resources of the State, has been repeatedly attacked by parties subjected to its provisions. Its validity is no longer an open question. Brown v. Humble Oil & Refining Company (Tex.Sup.) 83 S.W.(2d) 935, 99 A.L.R. 1107; Id. (Tex.Sup.) 87 S.W.(2d) 1069, 101 A.L.R. 1393; Railroad Commission v. Marathon Oil Company (Tex.Civ. App.) 89 S.W.(2d) 517 (writ ref.), and cases there cited. The rule being valid, and the commission being the designated agency for its enforcement, the wisdom and method of its administration over the field as a whole is not a matter for judicial control. The limit of inquiry in the courts is confined to instances brought before them in the suits filed. The proper method of attacking such general rule of the commission would be in a suit brought directly for that purpose. Railroad Commission v. Marathon Oil Co., supra, and cases there cited. It is also settled that one who claims rights under a rule of the commission cannot assert the invalidity of the rule under which the rights he claims arise, as Turnbow seeks to do. Brown v. Humble Oil & Refining Company, supra.

The contention that the recitation above quoted from the commission's order of August 26, 1935, constituted an official finding by the commission that a spacing limit between wells is not necessary to prevent waste was disposed of by this court in Railroad Commission v. Marathon Oil Company, supra, and need not be further considered here.

The remaining contentions of appellant Turnbow are predicated upon the assumption that he had a legal right to recover the oil in place beneath his 2½-acre tract. Since, however, under the undisputed facts and former decisions of the courts, he had no such legal or vested right to be protected, no property rights were invaded in contravention of the constitutional provisions urged. Nor were the issues moot because the wells had already been drilled. The petition alleged that the drilling of same would cause waste, the production therefrom would cause waste, and the failure to plug same would cause waste. This issue has likewise been decided against him. Humble Oil & Refining Company v. Railroad Commission (Tex.Civ.App.) 68 S.W. (2d) 622.

The Attorney General, on behalf of the Railroad Commission, while admitting that the permits involved were improperly granted and that the judgment of the trial court should be affirmed, asserts error of the trial court in two respects: First, in admitting in evidence, over objection, the transcript of the proceedings before the Railroad Commission; and second, in entering a mandatory injunction against Turnbow directing him to plug said wells. This on the ground that such order invades an administrative function vested in the Railroad Commission.

On the first question, an examination of the plaintiff's petition discloses an allegation, in addition to want of notice and hearing, that, if such hearing were had, "there was no evidence introduced at the hearing before the Railroad Commission * * * showing that said two wells, or either of them, were needed to prevent confiscation," etc. This is the exact question presented, and decided adversely to the Attorney General's contention, in Empire Gas & Fuel Co. v. Railroad Commission (Tex.Civ.App.) 94 S.W.(2d) 1240 (writ ref.), and need not be further considered here.

As to the second contention made, the plaintiff in the trial court pleaded and proved a provision of rule 37 requiring that no well drilled without a permit or in violation of a permit granted "shall be permitted to produce oil or gas; and any such well so

drilled in violation of said rule or in violation of a permit granted as a special exception to said rule shall be plugged."

■ While the principal issue in such suits is primarily the validity of the Railroad Commission's order granting such permits, when the court strikes down such an order of the commission and determines that in no event can a valid permit be granted for a well on such tract, as ancillary to such adjudication, and to enforce such judgment, the court can properly enter whatever orders may be necessary to make its judgment effective. The litigant whose interests are affected is not limited exclusively to an adjudication of the validity of the commission's order, and when that is done required to return to and rely upon the Railroad Commission to then enforce the conservation rules and regulations in the light of such adjudication; and, if the commission fails or refuses to do so, then to again return to the court for further relief. He is entitled to be granted the full relief which the law and the rules and regulations of the commission afford him.

■ In the instant case the permits granted were annulled, not only because of the commission's failure to give notice and have a hearing, but because under the evidence no well was authorized to be drilled on said tract. After that matter was adjudicated, the status resulting, so far as the commission was concerned, was the same as if no permit had been granted. And, had the court merely adjudicated that issue alone, without granting any injunctive relief, it would have been the duty of the commission to enforce its rules both as to preventing production from the wells and causing them to be plugged. Railroad Commission v. Lamb (Tex.Civ.App.) 81 S.W.(2d) 161. And, if only an injunction against production of oil from said wells had been granted in order to prevent waste, the duty to prevent such production would, in the administration of the conservation laws, have still rested upon the commission. Such an injunction would not have been any interference by the court with the duties of the commission to prevent waste, but would merely have given them an added power of enforcing their rules to accomplish that purpose.

■ The same rule of the commission which prohibits production from illegally drilled wells also requires that they be plugged. We fail to see where the injunction granted invades the administrative province of the commission any more in the one instance than in the other. It is true that the mandatory provision of the injunction that the wells be plugged requires affirmative action by Turnbow, and not merely that he refrain from doing that which he was not lawfully entitled to do. But the Railroad Commission had authority to require of him this same affirmative act, and their rules did so expressly require its performance. No injunction was issued against the commission in this regard either mandatory or prohibitive. Undoubtedly the court could properly have denied the mandatory relief sought to have these wells plugged, leaving that matter to be enforced by the commission. But the order of the court as entered, under the undisputed facts of this case and the settled line of decisions, did no more than, without it, the commission under its published rules was required to do—that is, to order these wells plugged. It does not deprive the commission of the power and duty to see to it that such wells are plugged in accordance with the rules of the commission. The court's order necessarily implies that the plugging of such wells be done in a legal manner, which of course would be in accordance with the rules of the commission; and the duty still rests upon the commission to see to it that they are plugged, as the court's order directs, in compliance with their regulations.

We conclude, therefore, that the injunction granted does not trench upon the administrative powers and duties of the commission, but is in consonance with them; and that the functions of the commission in the premises are not invaded nor interfered with, but are merely given additional support, by court decree, in their enforcement as applied to the adjudicated issues in the instant case.

The trial court's judgment will therefore be affirmed.

Affirmed.

### On Rehearing.

In motion for rehearing by the Railroad Commission, the Attorney General urges that the trial court's judgment setting aside the order of September 25, 1934, should be affirmed on the ground that, Turnbow having already filed suit in the district court to set aside the order of the commission dated September 7, 1934, involving the same property, which suit was pending on said September 25th, the commission was without jurisdiction to issue its order of September 25, 1934; and not, as stated in our opinion,

because no notice nor hearing was had on the so-called motion of Turnbow filed with and acted upon by the commission on September 25, 1934, wherein two wells, instead of six, were sought to be drilled upon said 2½-acre tract.

 It is true that the Attorney General does make such admission in his brief; but, under the facts and circumstances, the application, denominated a motion for a rehearing, filed with the commission on September 25, 1934, and then granted, was in effect a new application, seeking a different number of wells in different locations from those sought in the original application. It should have been so treated by the commission. And as stated by us in our opinion in Barnsdall Oil Co. v. Railroad Comm., 90 S.W.(2d) 663, was acted upon "obviously without further notice to adjacent leaseholders or further hearing," etc. In addition to the grounds stated in our original opinion herein, therefore, as rendering said order invalid, may be added that of lack of jurisdiction in the commission to issue same.

Other matters complained of are, we think, sufficiently discussed in our original opinion and need not be further considered here. The motion is therefore overruled.

Overruled.