## MAGNOLIA PETROLEUM CO. v. RAILROAD COMMISSION et al.

No. 8650.

Court of Civil Appeals of Texas. Austin.

June 1, 1938.

Rehearings Denied Oct. 26, 1938.

W. H. Francis and Walace Hawkins, both of Dallas, and Dan Moody, of Austin, for appellant.

Wm. A. Wade, of Longview, and Hamilton, Harrell, Hamilton & Turner, of Dallas, for appellees.

BAUGH, Justice.

This is a rule 37 case. Appeal is from a judgment of the District Court refusing to set aside as invalid a permit granted to Edith Osborn Pyle on July 9, 1935, to drill a well on a .5-acre tract of land 104 feet wide and 208 feet long near the town of Kilgore in the East Texas oil field in Gregg County. The permit was granted as an exception to rule 37 to prevent confiscation, over the protests of adjacent lease owners. The Magnolia, owner of a 44.65-acre lease adjoining on the east the 54-acre tract out of which the .5-acre tract here involved was carved, brought this suit to set it aside.

It is unnecessary to state the details whereby this half-acre tract was segregated on June 24, 1935, by an agreed judgment, from the larger 54-acre tract, capable of development as a whole. The segregation was for the admitted purpose of obtaining a well thereon as an exception to the general spacing provisions of rule 37. Under settled rules of decisions this constituted a voluntary subdivision of a small tract from a larger tract capable of development as a whole under the provisions of rule 37, which gave to Mrs. Pyle no vested right to an exception to the rule to prevent confiscation. Brown v. Humble Oil & Ref. Co., 126 Tex. 296, 83 S.W.2d 935, 87 S.W.2d 1069, 99 A.L.R. 1107; Sun Oil Co. v. Railroad Commission, Tex.Civ. App., 68 S.W.2d 609; Barnsdall Oil Co. v. Railroad Commission, Tex.Civ.App., 90 S.W.2d 663; Turnbow v. Barnsdall Oil Co., Tex.Civ.App., 99 S.W.2d 1096, writ refused; Railroad Commission v. Magnolia Pet. Co., Tex.Sup., 109 S.W.2d 967. Appellee insists that because the segregation was effected as a compromise of a suit wherein Mrs. Pyle sought to recover an undivided 1/20 interest in the entire 54-acre tract acquired by her by devise prior to 1919, it does not come within the rule against subdivisions. This contention cannot be sustained. The purpose and effect of such agreed judgment are the controlling factors in the premises, and that such purpose and effect were to circumvent the provisions of rule 37, and so secure an exception thereto, are not disputed. Manifestly such segregation of this .5-acre tract in settlement of a suit for a much larger interest in the larger tract was not the only method by which she could have established and protected her property rights in the whole, but was one of her own choosing, and therefore voluntary, thus making the rule against such subdivisions applicable.

It likewise clearly appears that at the time the permit applied for, if the .5-acre tract be treated as a part of the 54-acre tract from which it was carved, under the holding of the Supreme Court in the Century case (Railroad Commission v. Magnolia Pet. Co.), supra, the additional well was not needed to protect such larger tract from drainage or confiscation. That tract, with the wells already thereon, and without the well in question, was already drilled to a greater density than appellant's 44.65-acre contiguous tract on the east thereof, was not suffering drainage by reason of the number or location of appellant's wells on its tract; and was, under the prevailing allowable producing more oil per acre per day from the common pool, than was appellant's lease. The underground conditions in the oil producing sands under both tracts were shown to be substantially the same. In brief, it affirmatively appears that the well was not needed to prevent confiscation.

The only remaining question is whether appellant rebutted the prima facie presumption of the validity of the permit by proof that it was not necessary to prevent waste. The Railroad Commission has not filed a brief herein and appellee Edith Osborn Pyle introduced no proof on this issue. The only witness who testified on this issue was the petroleum engineer of appellant. His qualifications as an expert in that capacity are not questioned. His testimony, which is not controverted, was that underground conditions throughout the area here involved were substantially the same; and that in his opinion the drill-

ing of the well here involved, together with the necessary offsets on adjacent properties which would be required to prevent drainage, would cause, rather than prevent, waste. This evidence, together with the showing of uniformity of underground conditions in this area, coupled with the majority interpretation that the spacing provisions of rule 37 constitute an official finding by the Commission that wells spaced at lesser distances than those prescribed by the rule, producing equally, where uniform underground conditions prevail, tend to create waste, particularly in the absence of any affirmative evidence to the contrary, was, we think, clearly sufficient to rebut the prima facie presumptive validity of said permit as necessary to prevent waste. Our views in this regard are fully stated and discussed in cause No. 8635, Stanolind Oil & Gas Co. v. Midas Oil Co., —— S.W.2d ——,[1] decided May 25, 1938, to which reference is made without reiterating them here.

Under these conclusions, the judgment of the trial court is reversed, the permit involved is set aside, and the cause is remanded to the trial court for such ancillary relief as may be appropriate; and without prejudice to the rights of the holder of said permit to again apply to the Railroad Commission for such orders as may be appropriate to protect the rights of the parties under such changed conditions as may have been brought about since said permit was granted.

Reversed and remanded.

BLAIR, J., dissents.