**LIPPINCOTT et al. v. ATLANTIC REFINING CO. et al.**

**No. 3928.**

Court of Civil Appeals of Texas. Beaumont.
Nov. 28, 1941.

Rehearing Denied Dec. 10, 1941.

H. P. Smead and Earl Roberts, both of Longview, Gerald C. Mann, Atty. Gen., and Henry D. Lauderdale, Edgar W. Cale,

Tom D. Rowell, Jr., James D. Smullen, and E. R. Simmons, Asst. Attys. Gen., for appellants.

R. H. Whilden, of Houston, Greenwood, Moody & Robertson, of Austin, C. B. Ellard, of Dallas, and Black, Graves & Stayton, of Austin, for appellees.

O'QUINN, Justice.

This is a Rule 37 case; see Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73, for a statement of the rule.

On the 4th day of June, 1940, to prevent confiscation of property and physical waste, appellant, Ben Lippincott, was granted a permit as an exception to Rule 37 to drill and operate well No. 2 on the S. K. Andrews 1½-acre lease in the William F. Hyde survey in Rusk County. Appellees, Atlantic Refining Company and Shell Oil Company, appeared before the Commission and contested the granting of the permit, and on the 19th day of July, 1940, filed their original petition to cancel the permit and to enjoin the drilling and operation of the well. On trial to the court without a jury, judgment was entered in favor of appellees, cancelling the permit and enjoining appellant from drilling and operating the well, from which he prosecuted his appeal to the Austin Court of Civil Appeals; the case is on our docket by order of transfer by the Supreme Court.

Appellants contend that the findings of the Commission on both issues, confiscation and waste, had reasonable support in the evidence, and therefore under the doctrine of Gulf Land Co. v. Atlantic Refining Co., supra, were binding on the trial court, and on this court.

■ The Lippincott lease contains 1.27 acres, and is a voluntary subdivision of a larger lease containing 21.27 acres; therefore, its right to the permit in issue must be measured by the need to protect the larger tract of 21.27 acres—including the Lippincott lease of 1.27 acres—from confiscation and waste. Buckley v. Atlantic Refining Co., Tex.Civ.App., 146 S.W.2d 1082.

■ Appellants cannot support the permit in issue on the ground of waste, because in prior litigation in federal court, Eastern District of Texas, at Tyler, involving a permit on this ground, the court denied the permit on the following fact conclusion: "The evidence also showed that the creation of such densely drilled areas with unequal pressures tends to create actual physical underground waste of the oil." Railroad Commission v. Humble Oil & Refining Co., Tex.Civ.App., 119 S.W.2d 728. In the federal court case, one Brannon, Lippincott's immediate predecessor in title, by his suit had appealed from an order of the Commission denying him a permit, and by his appeal had the right to contend, as in fact he did contend, for his permit on the issue of waste. That issue being in litigation was adjudicated against him, and there being no change of conditions on that issue, the federal court judgment, as a matter of law, supported appellees' plea of res judicata. The fact that there was a change in "the allowables," adverse to the Lippincott lease, did not create a change of condition of a nature to support the permit on the issue of waste. On this issue, Lippincott's witness Griffin testified that in so far as the question of waste was concerned it was immaterial whether the allowables of the wells in the area are all the same or slightly different.

■ Again, in the federal court the Railroad Commission contested the permit on the Lippincott lease on the issue of waste, and being successful in its contest it is now estopped to make the contention that the permit has support on that ground. Railroad Commission v. Arkansas Fuel Oil Co., Tex.Civ.App., 148 S.W.2d 895. Again, as we understand the testimony, the issue of waste has support only on the theory of more wells more oil. There was no showing of unusual conditions in, on, under and around the Lippincott lease taking it out of the spacing provisions of Rule 37 on the issue of waste. On this statement, that issue was not raised. Stanolind Oil & Gas Co. v. Midas Oil Co., Tex.Civ.App., 123 S.W.2d 911, 915. In the Midas case, the court said: "If an exception be necessary to prevent waste, the necessary implication is that facts exist which make inapplicable the general spacing rule. That is, that underground conditions, e. g., sand thickness, saturation, porosity, permeability, well potentials, bottom hole pressure, and drainage in the area of the particular well, differ from those obtaining generally, and on which the rule itself is predicated."

See, also, Railroad Commission v. Marathon Oil Co., Tex.Civ.App., 89 S.W.2d 517; Murphy v. Turman Oil Co., Tex.Civ.App., 97 S.W.2d 485; Atlantic Oil Production Co. v. Railroad Commission, Tex.Civ.App., 85 S.W.2d 655; Arkansas Fuel Oil Co. v. Re-

primo Oil Co., Tex.Civ.App., 91 S.W.2d 381; Magnolia Petroleum Co. v. Railroad Commission, Tex.Civ.App., 93 S.W.2d 587, writ refused; Magnolia Petroleum Co. v. Railroad Commission, Tex.Civ.App., 105 S. W.2d 787, reversed on other grounds, 130 Tex. 484, 109 S.W.2d 967; Railroad Commission v. Gulf Production Co., Tex.Civ. App., 115 S.W.2d 505, affirmed 134 Tex. 122, 132 S.W.2d 254; Magnolia Petroleum Co. v. Railroad Commission, Tex.Civ.App., 120 S.W.2d 548. Gulf Land Co. v. Atlantic Refining Co., supra, clearly does not support the finding of the Commission on the theory of more wells more oil, where there is no showing of changed conditions.

What we have said above is on our conclusion from the evidence that the finding of the Commission on the issue of waste was to prevent underground waste. In Gulf Land Co. v. Atlantic Refining Co., supra, there is a suggestion by our Supreme Court that the finding of the Commission on this issue might be to prevent overground waste. The permit on the issue of overground waste was wholly without support, both before the Commission and before the lower court.

■ The permit in issue was also granted to "prevent confiscation of property," as confiscation related to the 1.27 acres—a voluntary subdivision as stated above of the 21.27-acre tract. The testimony related only to the issue of confiscation as it related to the 1.27 acres. The hearing before the Commission, as well as hearing in the lower court, was not to determine whether another well was necessary to prevent confiscation on the larger tract, and its proper location on the larger tract. It follows that the permit cannot be sustained on the presumed finding of the Commission that another well would prevent confiscation as it relates to the 21.27-acre tract. Gulf Land Co. v. Atlantic Refining Co., supra; Humble Oil & Refining Co. v. Potter, Tex.Civ.App., 143 S.W.2d 135; Spear v. Humble Oil & Refining Co., Tex. Civ.App., 139 S.W.2d 212.

■ Again, there was no evidence presented at the hearing held by the Commission showing that more oil was and will be drained from the 21.27 acres by wells on other properties than was and will be drained to the 21.27 acres by the seven wells already drilled on it, or showing that those seven wells will not ultimately produce an amount of oil equivalent to the recoverable oil beneath the 21.27 acres.

Lippincott's expert witness admitted at the hearing that the witness had not made the necessary calculations to permit him to testify upon the questions of net drainage and ultimate recovery. Since there was no evidence before the Commission on that point, there is no basis for a fact finding thereon, and a permit granted without supporting evidence is void. Gulf Oil Corp. v. York, Tex.Civ.App., 134 S.W.2d 502; Rabbit Creek Oil Co. v. Shell Petroleum Corp., Tex.Civ.App., 66 S.W.2d 737; Humble Oil & Refining Co. v. Railroad Commission, Tex.Civ.App., 68 S.W.2d 622, affirmed Brown v. Humble Oil & Refining Co., 126 Tex. 296, 83 S.W.2d 935, 99 A. L.R. 1107; Magnolia Petroleum Co.·v. Railroad Commission, Tex.Civ.App., 90 S.W.2d 659, affirmed in part 128 Tex. 189, 96 S. W.2d 273; Turnbow v. Barnsdall Oil Co., Tex.Civ.App., 99 S.W.2d 1096.

■ Testimony at the hearing before the Commission, that the southern tip of the 21.27 acres was being drained, standing alone, was without evidentiary weight on the issue of confiscation. As said above, that issue can be tested only by balancing the drainage to the 21.27-acre tract against the drainage from that tract. It is net drainage that counts, and it makes no difference that certain portions of the 21.27 acres were being drained by wells on adjacent properties if the wells on the 21.27-acre tract, considering that tract as a whole, are draining as much oil from adjacent leases as the wells on adjacent leases are draining from the 21.27 acres. Magnolia Petroleum Co. v. Railroad Commission, Tex.Civ.App., 93 S.W.2d 587; Empire Gas & Fuel Co. v. Railroad Commission, Tex.Civ.App., 94 S.W.2d 1240, writ refused; Stanolind Oil & Gas Co. v. Midas Oil Co., Tex.Civ.App., 123 S.W.2d 911, writ dismissed; Gulf Oil Corp. v. Smith, Tex.Civ.App., 145 S.W.2d 280.

■ The permit cannot be sustained as a permit to protect the 21.27-acre tract from confiscation, because the undisputed evidence presented to the trial court showed that the 21.27-acre tract with seven wells drilled thereon, and producing oil therefrom, had a drainage advantage over the surrounding area. Furthermore, Lippincott's own witnesses admitted that the seven wells referred to will ultimately produce an amount of oil equivalent to the recoverable oil beneath the 21.27 acres. Wood v. Gulf Oil Corp., Tex.Civ.App., 147 S.W.2d 818; Magnolia Petroleum Co. v.

Railroad Commission, Tex.Civ.App., 93 S. W.2d 587; Allen v. Gulf Oil Corp., Tex. Civ.App., 139 S.W.2d 207.

It is also our conclusion that the finding of the lower court against appellants on the issue of "confiscation" has support under appellees' plea of res judicata. In view of what we have said above, it would serve no useful purpose to review the evidence and the law on that issue.

It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.