## RAILROAD COMMISSION OF TEXAS et al. v. WENCKER.

### No. 9274.

Court of Civil Appeals of Texas. Austin.

April 22, 1942.

Rehearing Denied May 13, 1942.

See, also, 149 S.W.2d 1009.

Gerald C. Mann, Atty. Gen. and Fagan Dickson, Asst. Atty. Gen., for appellants.

Harry S. Pollard, of Austin, for appellee.

BLAIR, Justice.

This is a Rule 37 case and is the second appeal of it. See Wencker v. Railroad Commission, Tex.Civ.App., 149 S.W.2d 1009, for a map of the land and a statement of the facts out of which the controversy arises. The case and this appeal involve the application of Wencker for a permit to drill "Well No. 1" on his 7.8-acre tract at a point 330 feet east of the west end and half way between the north and south lines. The Commission refused the permit because Wencker would not pool or consider in connection with the application his 1-acre tract situated across the public highway from the 7.8-acre tract as shown on the map.

On the former appeal we held that Wencker was entitled to develop his 7.8-acre tract as a separate tract and was entitled to drill "Well No. 1" thereon as a matter of law; but in affirming the order denying the temporary injunction we held that the Commission had not passed on the matter of its location, and directed that if on the trial of the merits the evidence was conflicting as to the proper location of the well, the Commission should be given an opportunity to locate it.

The mandate was received by the trial court on June 4, 1941. On June 7, 1941, while the case involving "Well No. 1" was still pending in the trial court, Wencker filed his application for a permit to drill "Well No. 2" on his 7.8-acre tract based upon changed conditions, at a point 330 feet west of the east end and half way between the north and south lines; the 7.8-acre tract being about 300 feet wide and 1,600 feet long. On the hearing of the application it was shown that while this case involving "Well No. 1" was pending in the courts, and at points near the east end of the 7.8-acre tract, the Commission had granted permits to drill five wells, which are producing, within the drainage area of the 7.8-acre tract; and with full knowledge of the pending case involving "Well No. 1" and the asserted right to drill that well at the point applied for, or, if so determined, at a point to be fixed by the Commission, and before any trial of the matter, the Commission on June 26, 1941,

granted the permit to drill "Well No. 2" at the geographical center of the 7.8-acre tract. The motion of Wencker to change the location of "Well No. 2" to near the east end of the 7.8-acre tract was overruled by the Commission; and no attack whatsoever has been made on the permit to drill said well. Thereafter, the Commission filed its motion to dismiss this case involving "Well No. 1" as being moot, because, as contended by it, its order granting "Well No. 2" was intended as a compliance with the decree of this court holding that Wencker was entitled to drill "Well No. 1" at a point to be located by the Commission. The trial court overruled the motion to dismiss; and on the trial of the merits held that Wencker was entitled to drill "Well No. 1", and directed the Commission to forthwith fix the location at a point other than where it had located "Well No. 2", which well and its location the trial court further held was not involved in this case.

■ The first point presented is that the trial court erred in not dismissing this case involving "Well No. 1", the Commission contending that by granting the permit to drill "Well No. 2" at the geographical center of the 7.8-acre tract it intended to comply with the decree of this court to locate "Well No. 1"; and that therefore this suit was and is moot.

The contention cannot be sustained for several reasons. In the first place neither the Commission nor any of its employees testified on the hearing of the motion to dismiss, or on the trial of the merits, either that the Commission was attempting to locate "Well No. 1" by granting the permit to drill "Well No. 2", or that the Commission had any intention of doing so at the time it granted the permit to drill "Well No. 2" upon the ground of changed conditions necessitating the second well. The evidence adduced on the motion and trial of the merits fully sustains the conclusion of the trial court that the Commission did not intend to grant "Well No. 2" as a compliance with the decree of this court to locate "Well No. 1". This court had rendered no such decree, and the matter of the trial on the merits and the location of "Well No. 1" at the point applied for, or at some point to be fixed by the Commission, was pending in the trial court at the time "Well No. 2" was granted; which the evidence shows was granted upon the ground of changed conditions necessitating the well.

■ In the second place, the Commission had no jurisdiction at the time it granted the permit to drill "Well No. 2" to enter any order concerning or affecting "Well No. 1", because the matter of the right to drill "Well No. 1" and its proper location were then pending in the trial court for adjudication. The several cases of this court and the Supreme Court so hold. Stewart v. Smith, 126 Tex. 292, 83 S.W.2d 945; Edgar v. Stanolind O. & G. Co., Tex.Civ.App., 90 S.W.2d 656; McNeny v. Railroad Commission, Tex.Civ. App., 96 S.W.2d 96; Magnolia Pet. Co. v. New Process Prod. Co., 129 Tex. 617, 104 S.W.2d 1106; Stanolind O. & G. Co. v. Edgar, Tex.Civ.App., 107 S.W.2d 631; Railroad Commission v. Humble O. & R. Co., Tex.Civ.App., 119 S.W.2d 728; Railroad Commission v. Magnolia Pet. Co., Tex.Civ.App., 125 S.W.2d 398, 399; Barnsdall Oil Co. v. Railroad Commission, Tex. Civ.App., 90 S.W.2d 663; Stanolind O. & G. Co. v. Railroad Commission, Tex.Civ. App., 92 S.W.2d 1057, and Railroad Commission v. North Texas Coach Co., Tex. Civ.App., 92 S.W.2d 268.

■■ Nor do we sustain the contention in this connection that since "Well No. 1" was involved in litigation, the Commission had no authority to grant "Well No. 2" on the same tract; and that it could only enter an order relating to "Well No. 1". The exact converse is the correct rule. The Commission could not enter any order with respect to "Well No. 1", because the rights concerning it were pending in the trial court. It did have the authority and jurisdiction to grant the permit to drill "Well No. 2", based upon changed conditions which made the additional well necessary in order that Wencker would have an equal opportunity to recover his fair share of oil underneath his tract, and which was being drained by the five wells drilled near the east end of said tract. See Magnolia Pet. Co. v. New Process Prod. Co. case, supra. If this were not the rule, then the right of any owner to fully develop his land, due to changed conditions, could be destroyed by any sort of an appeal to the courts testing the validity of the first well granted, or where some right to drill the first well was pending in court. The matter involved in the

court in the instant case related only to "Well No. 1" and its proper location.

Nor can the permit to drill "Well No. 2" be attacked in the instant case involving "Well No. 1", because to do so would constitute a collateral attack upon the order granting "Well No. 2", which was based upon changed conditions.

The remaining point made by the Commission is that the court had no jurisdiction to enter a mandatory injunction compelling it, without its consent, to grant "Well No. 1", or to make a location of it forthwith. The contention is without merit. The judgment of the trial court simply decreed that Wencker was entitled to drill "Well No. 1", and directed the Commission to forthwith locate it at some place other than the geographical center of the 7.8-acre tract. This relief is simply ancillary to the judgment decreeing Wencker the right to drill "Well No. 1", and a court may enter such order in aid of the enforcement of its judgment. See Empire G. & F. Co. v. Railroad Commission, Tex.Civ.App., 94 S.W.2d 1240, error refused; Turnbow v. Barnsdall Oil Co., Tex. Civ.App., 99 S.W.2d 1096, error refused.

The judgment of the trial court will be affirmed.

Affirmed.