## MAURICE STEWART V. LON A. SMITH ET AL. (RAILROAD COMMISSION OF TEXAS).

No. 6730. Decided June 12, 1935.
Rehearing overruled November 27, 1935.
(83 S. W., 2d Series, 945.)

*Claude Pollard,* of Austin, *W. H. Sanford* and *Conan Cantwell,* both of Longview, for plaintiff in error.

The Railroad Commission was without authority to make Rule 37, regulating the distance that should be between oil wells. State v. Robison, 119 Texas, 302, 30 S. W. (2d) 292;

McMillan v. Railroad Commission of Texas, 51 Fed. (2d) 400;
State v. St. Louis S. W. Ry. Co., 165 S. W., 491.

*William McCraw*, Attorney General, and *Archie D. Gray*,
Assistant Attorney General, for defendants in error Lon A.
Smith and the Railroad Commission; *T. L. Foster* and *J. W.
Timmins*, both of Dallas, *Powell, Wirtz, Rauhut & Gideon*, of
Austin, for defendant in error Sun Oil Company; *E. E. Townes*,
*Hines H. Baker, Rex G. Baker* and *R. E. Seagler*, all of Hous-
ton, for Humble Oil & Refining Company.

*Robert E. Hardwicke*, of Fort Worth, *J. B. Robertson, Dan
Moody* and *Thomas B. Greenwood*, all of Austin, filed briefs as
amici curiae.

MR. JUSTICE SHARP delivered the opinion of the court.

We quote from the opinion of the Court of Civil Appeals
the following statement of the nature and result of this case:

"This case arose as follows: Appellee, Stewart, owned an
oil and gas lease on 1.192 acres of land in Gregg County. He
applied to the Railroad Commission for a permit to drill a
well thereon. This permit was refused, and he filed a suit
in the district court of Travis County to enjoin the commis-
sion from interfering with the drilling of such well on the
ground that the refusal of such permit was unjust, unreason-
able, and arbitrary, and that he was entitled to same under
exceptions to rule 37 of the commission, to protect vested
rights and to prevent drainage. In this suit the Sun Oil
Company, owner of a lease on the adjacent lands, intervened.
A permanent injunction was granted as prayed for, from which
judgment this appeal is prosecuted.

\*  \*  \*  \*  \*  \*  \*

"The salient facts involved in this case pertinent to our
inquiry here are substantially as follows:

"The entire strip of land here involved is approximately
1,234 feet long, running north and south, is 104 feet wide at
its north end and 37 feet wide at its south end, and contains
approximately 1.8 acres. In 1905 Edmon Smith and wife
acquired title by deed to 53-1/3 acres adjoining this strip on
the east. Soon thereafter they inclosed both tracts under the
same fence, claimed and used same, and acquired title to said
strip by limitation. On April 19, 1929, they leased the 53-1/3
acres to N. M. Wilson, who assigned that lease on April 20,
1929, to the Sun Oil Company. A limitation title to said strip,
subject to outstanding mineral rights and leases, was awarded

to Edmon Smith by decree of the district court of Gregg County on June 5, 1933. Prior to said decree, however, and subsequent to the date of the Sun Oil Company lease on the 53-1/3 acre tract, Edmon Smith and wife had leased for oil said strip to others and had conveyed also a part of the minerals thereunder. These interests were, through transactions not necessary to enumerate here, acquired by C. S. Hart and appellee, Maurice Stewart, prior to May 25, 1933, on which date Hart filed a friendly suit for partition of the leasehold estate only in this 1.8-acre strip. A partition decree was entered in that case as to the leasehold estate only on August 19, 1933, setting apart to appellee, Stewart, the north two-thirds of said strip, his area amounting to approximately 1.2 acres, and to Hart the south one-third thereof, being six-tenths of an acre. The application for a permit upon which this suit arose was for a well on this north two-thirds of said strip, and was dated August 17, 1933, two days prior to the partition decree, and described exactly the land partitioned to him. It is obvious, we think, that the parties to that suit had effectually agreed upon a partition of their joint interests.

"The record discloses that proper hearings were had before the Railroad Commission on appellee's application and that the chief reason for its refusal was that to grant it would necessitate granting a similar permit to Hart to drill a well on his six-tenths acre, thus permitting two wells on said strip, a situation clearly and voluntarily sought to be brought about by Hart and Stewart in violation of rule 37 and the conservation laws. It was also shown that the commission was willing to grant a permit for one well on said strip provided Hart and appellee would pool their interests.

\* \* \* \* \* \* \*

"It is clear, under the record presented, that Edmon Smith and wife held title by limitation to this narrow strip of land at the time they leased the 53-1/3 acres in 1929; that said strip was contiguous to that 53-1/3 acres, under the same fence, claimed by them as their own, and had been for many years. In leasing the 53-1/3 acres adjoining it, they voluntarily segregated it from the Sun Oil Company's tract. Rule 37 of the Railroad Commission then in force has so often been quoted, with its various amendments, that it need only be referred to here. It is obvious that to develop this strip of land retained by the Smiths and subsequently leased to others would require an exception to Rule 37 on the ground of vested rights. To drill it otherwise would be in violation

of its well-known spacing rules then in force. We conclude, therefore, that no right to such an exception having existed in Edmon Smith and wife, because of their voluntary act in April, 1929, when rule 37 was in full force, none could subsequently be acquired by their vendees, grantees, or lessees. Under this conclusion a permit to appellee to drill said well, as a matter of law under the undisputed facts, was not authorized and the refusal of the Railroad Commission to grant same was proper.

"In no event could Stewart and Hart, by partition or otherwise, in August, 1933, in the face of rule 37 as then amended, by their own acts create a condition which would vest in them any rights to an exception to said rule. To permit them to do so would, as we have already observed, set at naught rule 37 and the conservation laws of the state." 68 S. W. (2d) 627.

As shown by the foregoing statement, the real question for decision here involves the construction of Rule 37. In the case of C. H. Brown et al., (Railroad Commission of Texas et al.,) v. Humble Oil & Refining Co., this day decided, 126 Texas, 296, 83 S. W. (2d) 935, will be found a full discussion of this rule, and same will not be repeated here.

■ It will be noted that the Railroad Commission refused the permit to drill the well in question, and the action of the Commission has been sustained by the judgment of the Court of Civil Appeals. We find nothing in this record which shows that the action of the Railroad Commission in refusing the permit was unjust, unreasonable, or arbitrary.

■ Plaintiff in error suggests that this cause may be moot, because after the trial of the cause in the District Court, and while it was pending in the appellate courts, the Railroad Commission granted plaintiff in error a permit to drill a well on the land in controversy, and the well has been drilled. We presume from the foregoing statement that after the judicial arm of the State had assumed jurisdiction of the matter, the Railroad Commission undertook to act again thereon. If this be true, the Railroad Commission was without jurisdiction.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered June 12, 1935.