**EDGAR et al. v. STANOLIND OIL & GAS CO. et al.**

**No. 8292.**

Court of Civil Appeals of Texas. Austin.

Dec. 4, 1935.

On Rehearing, Jan. 29, 1936.

W. H. Nunn and Wilcox & Graves, all of Georgetown, for appellant Joe Edgar.

Turner, Rodgers & Winn, of Dallas, for appellees Stanolind Oil & Gas Co. and Simms Oil Co.

Greenwood, Moody & Robertson, of Austin, for appellee Magnolia Petroleum Co.

Powell, Wirtz, Rauhut & Gideon, of Austin, for appellee Tidewater Oil Co.

BAUGH, Justice.

Appeal is from a judgment of the trial court, upon an instructed verdict, setting aside a permit of the Railroad Commission authorizing Joe Edgar to drill oil well No. 3 on a 3.99-acre tract of land in Gregg county, Tex.; and permanently enjoining the operation of such well which had already been drilled under such permit. The same land is here involved that was involved in Magnolia Pet. Co. v. Edgar (Tex.Civ.App.) 62 S.W.(2d) 359. This tract runs north and south, is about 132 feet wide at the north end, about 1,600 feet long, and about 70 feet wide at the south end. Well No. 3 here involved is located 234 feet from the north end of said strip of land. Magnolia Petroleum Company owns the lease to the west of said strip, the Tidewater Oil and the Stanolind Oil own the leases to the north, and the Stanolind, the lease to the east thereof. Edgar already has two wells on said strip; one near the center, which is offset east and west by wells of the Stanolind and Magnolia, respectively, and one near the south end.

The following facts appear: In 1918, prior to the promulgation of rule 37 of the Railroad Commission, Stinchcomb and Todd

became the owners of approximately 107 acres to the west of said strip, the adjoining lands to the east thereof being owned by Vivian Webb. The fence between these tracts, however, was over on the Webb land and included the strip here involved. On September 18, 1930, Stinchcomb and Todd leased their tract by metes and bounds to the Vacuum Oil Company, which assigned it to the Magnolia. On June 9, 1931, Stinchcomb and Todd, claiming limitation title to the strip of land here involved, leased it to Edgar, and limitation title to said strip was awarded to them by decree of the district court of Gregg county in 1932. We do not understand it to be controverted that Stinchcomb and Todd's adverse use and occupancy of said strip of land had ripened into a good limitation title prior to their lease of September 18, 1930, to the Vacuum Oil Company, though it was not decreed to them by judgment until 1932.

After procuring two wells on said strip of land, Edgar applied to the Railroad Commission for a permit to drill well No. 3, here involved. This application was by the commission refused on October 21, 1933. Edgar thereupon filed suit in the district court of Travis county to enjoin the commission from interfering with his drilling said well No. 3. That suit was filed on April 6, 1934. While that suit was pending, Edgar filed a motion with the Railroad Commission for a rehearing of his application. That motion was heard by the commission, and on September 24, 1934, the Railroad Commission, by what it designated as an amended order, granted Edgar a permit to drill said well No. 3. Thereafter Edgar dismissed his suit in the district court of Travis county, obviously on the assumption that he had, after he had filed it, obtained from the Railroad Commission the relief he had theretofore invoked the jurisdiction of the district court to obtain.

Thereupon the appellees herein brought this suit to annul the so-called "amended order" of the commission dated September 24, 1934, and to restrain the operation by appellant of the well drilled thereunder. We deem it unnecessary to set out in detail the grounds of attack on said order, and urged here as sufficient to sustain the trial court's judgment. They are, among others, that the operation of said well will, in the various ways urged, cause waste in violation of the conservation laws of the state.

■ From the facts above recited it is manifest, and has been expressly so held,

that while the suit involving the subject-matter of this controversy was pending in the district court of Travis county, the Railroad Commission lost jurisdiction of its order of October 21, 1933. No change of conditions after its entry is shown in the instant case, and the order of the commission dated September 24, 1934, and herein attacked, was void for want of jurisdiction in the commission over the subject-matter thereof. Stewart v. Smith. (Tex.Sup.) 83 S.W.(2d) 945.

■ In addition to this, however, the judgment of the trial court should be sustained on the ground that the lease by Stinchcomb and Todd of the 107 acres adjoining the strip here involved to the Vacuum Oil Company on September 18, 1930, and that to Edgar of said strip on June 9, 1931, constituted a voluntary segregation by them of such strip from a larger contiguous tract capable of development as a whole, and one which, because of its shape, would necessarily require an exception to rule 37 in order to develop it for oil. This they were not authorized under the now well-settled rule to do; and Edgar could secure no greater right under the law than that vested in his lessors. Brown v. Humble Oil & Ref. Co. (Tex.Sup.) 83 S.W.(2d) 935, 99 A.L.R. 1107; Stewart v. Smith, supra; Sun Oil Co. v. Railroad Commission (Tex.Civ.App.) 68 S.W.(2d) 609; Smith v. Stewart (Tex. Civ.App.) 68 S.W.(2d) 627 (involving a similar strip of land claimed by limitation), affirmed by Supreme Court in 83 S.W.(2d) 945. Appellant urges that there was no evidence that such segregation was for the purpose of circumventing rule 37, and that the lessors did not obtain title to said strip until decreed to them by the judgment rendered in 1932. The date of the judgment is immaterial if their claim and occupancy had in fact ripened into a good title prior to their first lease. And whatever their purpose in not leasing said strip to the original lessee of the adjoining 107-acre tract, the result is the same, that is, that it could have been developed as a whole without exceptions to rule 37 being necessary; whereas, development as a separate tract necessarily requires exceptions to rule 37, and brings the instant case clearly within the rule laid down in the above cited cases.

■ Appellants also urge that the Magnolia and the Stanolind have by agreement with Edgar as to location of wells and the drilling of same estopped themselves to complain of appellants' well No. 3. If the

issue here presented were purely a controversy between litigants as to the respective rights of each, this contention might obtain. But the issue here presented is whether or not the conservation laws of the state are being contravened. That is a matter in which the public is concerned; and private parties cannot by conduct and agreements between themselves, whether by estoppel or otherwise, vitiate the conservation laws, nor obstruct their proper enforcement. And it is immaterial whether the enforcement of such conservation laws is invoked by interested parties or by the state, if a violation thereof is shown. The public interest in the conservation of such natural resources is the matter of paramount concern, and one against which estoppel as between the private property rights of the adjacent leaseholders cannot prevail.

■ We think the evidence also shows without substantial conflict, in addition to what we have already said, that the two wells of appellant already producing on said 3.99-acre tract will enable appellant a fair and equal opportunity to recover all the oil beneath said tract. While it is true that his well No. 1 in the center of said strip is offset on both east and west, 'and that the north end of said strip of land is being drained by wells on adjacent lands, it is clear that Edgar's well No. 2, at the south end of said strip, where it is only 70 feet wide, is draining as much or more oil from the lands of appellees as their wells to the north drain from that portion of said strip of land. He is entitled only to a fair and equal opportunity to recover his fair share of the oil beneath his land, and if this is afforded him through the wells he already has, he is not injured and cannot complain. Railroad Commission v. Bass (Tex.Civ. App.) 10 S.W.(2d) 586; Brown v. Humble Oil & Ref. Co. (Tex.Sup.) 83 S.W.(2d) 935, 99 A.L.R. 1107; Atlantic Oil Production Co. v. Railroad Commission (Tex.Civ.App.) 85 S.W.(2d) 655.

■ Nor was it necessary under the conclusions announced by us in Humble Oil &

Ref. Co. v. Railroad Commission, 85 S.W. (2d). 813, for appellees to show that Edgar was insolvent before any injunction could issue against him under the provisions of article 4644, R.S.1925. In the last above cited case that question is fully discussed and need not be reiterated here.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.

### On Motion for Rehearing.

In affirming the trial court's judgment, we based our affirmance on three grounds, any one of which would require an affirmance. In his motion for rehearing, appellant urges, among other things, that our finding, that appellant was draining through his well No. 2 on the south as much or more oil from the adjoining lands of appellees as they were draining from the north end of his lease, is erroneous in this: That the wells of appellees to the north had been draining his lease since 1931 and 1932; that his No. 2 well was not brought in until 1934; and that it drained not the leases of appellees, but lands leased to other oil companies. He requests that we correct our findings accordingly. The evidence indicated that his well No. 1 was draining untrammeled approximately one acre of land; and that well No. 2 drained approximately four acres. We think it is immaterial that all the lands surrounding well No. 2 were not owned by appellees. The result is the same, so long as Edgar is enabled to recover a fair share of the oil beneath his own lands. His advantage in drainage of additional area through the wells already producing, may be sufficient to compensate for the time element of drainage of his lands to the north. But conceding this contention and correcting our findings as requested by appellant, the other grounds stated in our opinion are clearly sufficient to sustain the judgment of the trial court. The motion for rehearing is granted to the extent of correcting our findings as requested, but in all other respects it is overruled.

Granted in part and in part overruled.