## STANOLIND OIL & GAS CO. et al. v. EDGAR et al.

### No. 8645.

Court of Civil Appeals of Texas. Austin.

May 5, 1937.

Rehearing Denied June 30, 1937.

Turner, Rodgers, & Winn, of Dallas, for relator Stanolind Oil & Gas Co.

Dan Moody, of Austin, for relator Magnolia Petroleum Co.

Wilcox & Graves and W. H. Nunn, all of Georgetown, for respondent Joe Edgar.

Wm. McCraw, Atty. Gen., and Harry S. Pollard, Asst. Atty. Gen., amici curiæ.

BLAIR, Justice.

This litigation arose as an original proceeding in this court, by which relators sought to prohibit and enjoin respondent Joe Edgar from producing, and the commission from issuing permits, orders, and tenders for oil produced from well No. 3 on Edgar's 3.99-acre leasehold estate out of the Hart survey in Gregg county; and to cause said well to be plugged. Relators also moved that Joe Edgar be adjudged in contempt of this court for producing oil from said well No. 3, in violation of the judgments of this court, dated December 4, 1935, in cause No. 8292 [Edgar v. Stanolind Oil & Gas Co., 90 S.W.(2d) 656], and of October 28, 1936, in cause No. 8580 [Stanolind Oil & Gas Co. v. Edgar, 98 S.W.(2d) 222], which judgments perpetually enjoined respondent Joe Edgar from producing oil from said well No. 3.

This proceeding has been held in abeyance pending a decision of the Supreme Court in Magnolia Petroleum Co. et al., Relators, v. New Process Company et al., Respondents, 104 S.W.(2d) 1106, 1109, decided April 28, 1937. The decision of the Supreme Court conclusively decides all issues involved in this motion and the issue of contempt against the contentions of relators under the following facts of this case:

On December 4, 1935, this court held in the case of Joe Edgar v. Stanolind Oil & Gas Co., 90 S.W.(2d) 656, that the permit issued by the Railroad Commission to drill well No. 3 on Edgar's 3.99-acre leasehold estate should be canceled, and this court perpetually enjoined Joe Edgar from producing oil from said well No. 3, upon three grounds, as follows:

1. That the commission was without jurisdiction to grant the permit, because at the time it was granted there was then pending in the district court of Travis county a suit to set aside the commission's prior order re-

fusing to grant him a permit to drill said well No. 3.

2. That the tract in question had been voluntarily segregated from a larger tract after rule 37 was in force in the field.

3. That the other two wells on the tract were sufficient to protect Edgar's vested rights.

After the judgment of December 4, 1935, became final, Joe Edgar filed a new application with the Railroad Commission for authority to produce said well No. 3, upon the ground of changed conditions arising after the commission had granted the permit, which was canceled by said final judgment of this court. On September 11, 1936, after notice and hearing, the commission granted Edgar a permit authorizing him to produce oil from said well No. 3, upon the ground of changed conditions. Relators then filed in this court cause No. 8580, as an original proceeding, asking that the permit of September 11, 1936, be canceled, and praying generally that Joe Edgar and the commission be compelled to obey the judgment of this court, entered December 4, 1935. On October 28, 1936, this court entered a judgment in said cause No. 8580, by which it was decreed that the permit of September 11, 1936, and any tenders of oil issued thereunder were void. On January 6, 1937, the Supreme Court dismissed a writ of error in this cause for want of jurisdiction, citing in support of that conclusion City of Houston v. City of Palestine, 114 Tex. 306, 267 S.W. 663. Edgar filed his motion for a rehearing of his application for writ of error, which was later overruled; and from that day Edgar closed his well and has not produced oil therefrom pending a hearing of this original proceeding to prohibit and enjoin him from producing oil from said well, and to plug it; and to hold Edgar in contempt of this court for violating the aforementioned judgments of this court.

In the case of Magnolia Petroleum Co. et al., Relators, v. New Process Production Co. et al., Respondents, supra, the Supreme Court held that where an order of the Railroad Commission was entered granting a permit to drill an oil well, without notice, the order was void. The Supreme Court further held that where the commission had no jurisdiction to grant a permit, then the courts upon appeal obtained no jurisdiction to decide any other issue in such case; that the court could only declare the permit void,

and enjoin the operations of the well granted under the void permit; and further held as follows: "Of course, if the commission did not have jurisdiction to try such issue, the courts obtained none by appeal. The very basis for our judgment of rendition was our ruling that the order of June 29, 1934, was void for lack of motion, notice, and hearing. We mention this matter to show that by our former opinion we did not really pass on the question as to whether the facts presented to the district court showed a meritorious case for New Process Production Company."

An exact parallel is presented in this case where the commission granted the permit while a suit was pending involving the same permit in the district court, thus depriving the commission of any jurisdiction to pass upon the permit, and such permit was therefore void. So, if the commission had no jurisdiction to issue the permit which constituted the basis of our first decision of December 4, 1935, then this court had no jurisdiction to pass upon the two remaining questions; that is, whether the tract had been voluntarily segregated from a larger tract after the promulgation of the rule enforced in the field, and whether the two wells already drilled were sufficient to protect Edgar's vested rights. Thus the case is brought clearly within the rule announced by the Supreme Court in the case of Magnolia Petroleum Co. et al., Relators, v. New Process Production Co. et al., Respondents, supra, as follows: "It cannot be said that to allow the Railroad Commission to exercise original jurisdiction to pass on the question of changed conditions, where applications for well permits have been refused as the result of court judgments, would be to allow the commission to pass on and nullify the judgments of courts, because, as already shown, such judgments only adjudicate such matters up to the time the commission acted, and thereafter so long as conditions remain unchanged. If conditions change, rights change, and the governing statutes place the matter of ascertaining such rights and determining the facts relating thereto in the first instance under the jurisdiction of the Railroad Commission. If it rules arbitrarily * * * its rulings can be corrected by statutory appeal to the district court * * and this is an exclusive remedy."

In accordance with this ruling of the Supreme Court, the application of the relators for a writ of prohibition and injunction, and

to plug the well is denied; and the motion to adjudge respondent Joe Edgar in contempt of this court is overruled.

Overruled.