**RAGHUNATH DASS, P.E., Appellant**

v.

**TEXAS BOARD OF PROFESSIONAL ENGINEERS, Appellee**

NO. 03–14–00552–CV

Court of Appeals of Texas, Austin.

Filed: March 15, 2017

Karen L. Watkins, Assistant Attorney General, Administrative Law Division, Austin, TX, for Appellee.

Jimmy Alan Hall, Jimmy Alan Hall, Jimmy Alan Hall, PLLC; J. Woodfin Jones, Alexander Dubose Jefferson & Townsend LLP, Austin, TX, for Appellant.

Before Chief Justice Rose, Justices Goodwin and Field

## OPINION

Jeff Rose, Chief Justice

Raghunath Dass, P.E., appeals from the district court's summary judgment affirming the Texas Board of Professional Engineers's Amended Final Order suspending Dass's license for violations of the Texas

Engineering Practice Act.[1] As explained in more detail below, because the Board's amended order is void, having been issued while this Court held exclusive plenary jurisdiction over Dass's appeal, we will vacate the Board's order and the district court's summary judgment and dismiss the case.

## Background

Dass is a professional engineer licensed by the Board. In August 2012, the Board issued a final order suspending Dass's professional engineering license for two years for violations of the Board's rules governing use of an engineering seal ("original order").[2] Dass filed suit for judicial review of the Board's original order in Travis County District Court.[3] On September 27, 2013, the district court rendered judgment striking two of the Board's findings of fact and one conclusion of law that were not supported by substantial evidence and remanded the matter to the Board "for any further action [the Board] deems appropriate given the ruling." On October 23, 2013, Dass filed a timely notice of appeal with this Court challenging the district court's judgment.[4]

On November 21, 2013, while Dass's appeal remained pending before this Court, the Board reviewed Dass's case, voted to amend its original order by removing the findings of fact and conclusion of law struck by the district court, and issued an order reflecting those modifications ("amended order"). On December 9, 2013, Dass moved this Court, without opposition from the Board, to dismiss his appeal from the district court's judgment regarding the Board's original order, asserting his perception that the Board's amended order had rendered his appeal moot. This Court granted his motion and dismissed the appeal on December 18, 2013.

After dismissal of his appeal from Board's original order, Dass filed a separate suit for judicial review of the Board's amended order, the case at issue in this appeal. The Board sought summary judgment in Dass's second suit for judicial review, asserting that Dass's motion for rehearing with the Board failed to preserve error for judicial review; Dass's suit was an attempt to re-litigate decided issues; and the amended order conformed to the district court's ruling. The district court granted the Board's motion for summary judgment. It is from this summary judgment that Dass now appeals.

## Discussion

It is well established that when an appeal is perfected, the court to which the appeal is made "acquires plenary ex-

---

1. *See generally* Tex. Occ. Code §§ 1001.001–.604 (Texas Engineering Practice Act).

2. *See* Tex. Occ. Code §§ 1001.451(2) (authorizing Board to, among other disciplinary actions, suspend engineering license), .452(1) (authorizing disciplinary action for violation of statute or Board rule), .454 (providing that suspension and revocation proceedings are governed by Government Code Chapter 2001 (Administrative Procedure Act)); 22 Tex. Admin. Code § 137.31–.37 (Texas Board of Professional Engineers, "Sealing Requirements") (establishing requirements for engineering seal).

3. *See* Tex. Gov't Code § 2001.171 (authorizing judicial review of final decision in contested-case hearing).

4. *See* Tex. R. App. P. 25.1 ("An appeal is perfected when a written notice of appeal is filed with the trial court clerk."), 26.1 (requiring notice of appeal be filed within 30 days after judgment signed); *see also* Tex. Gov't Code § 2001.901 ("A party may appeal a final district court judgment under th[e APA] in the manner provided for civil actions generally.").

clusive jurisdiction over the entire controversy."[5] Thus, in the absence of express authorization by rule or statute,[6] a trial court loses jurisdiction to take any action in a case once an appeal is perfected.[7] This rule rests upon the principle that one court should not interfere with the jurisdiction of another, especially when the latter is a higher tribunal.[8] Orders or judgments issued in derogation of this plenary exclusive jurisdiction are void.[9]

Well before either the APA or its predecessor, the Texas Administrative Procedure and Register Act (APTRA), were enacted in 1993 and 1975 respectively,[10] this longstanding jurisdictional rule was uniformly applied by the courts in the administrative context to hold that an agency lost its jurisdiction over a matter once that matter was under judicial review and, further, to hold as void any change or modification made to an agency order that was under judicial review.[11] And in 1995,

**5.** *Ammex Warehouse Co. v. Archer*, 381 S.W.2d 478, 482 (Tex. 1964) (citing *Thompson v. Kelley*, 100 Tex. 536, 101 S.W. 1074 (1907); *see Robertson v. Ranger Ins. Co.*, 689 S.W.2d 209, 210 (Tex. 1985) (holding that supreme court held "exclusive plenary jurisdiction" over case because it was on appeal to that court); 6 McDonald & Carlson *Texas Civil Practice*, § 46:2 (2d ed. 2014) ("[W]hen a case is appealed, ... the lower court has no power to vacate or change its judgment, except to correct clerical errors in the judgment.") (citing, among other cases, *Robertson*, 689 S.W.2d at 210)).

**6.** *See, e.g.*, Tex. Fam. Code § 109.001(a) (authorizing trial court, in suit affecting parent-child relationship, to make orders necessary to preserve and protect safety and welfare of child during pendency of appeal, as long as order is issued within 30 days of perfecting appeal); Tex. Civ. Prac. & Rem. Code 51.014(b)–(c) (providing that certain interlocutory appeals stay commencement of trial in trial court, but not other proceedings, while other interlocutory appeals stay all proceedings in trial court pending resolution of interlocutory appeal); *see also Roccaforte v. Jefferson Cty.*, 341 S.W.3d 919, 923 (Tex. 2011) ("The trial court's rendition of final judgment while the stay [under Tex. Civ. Prac. Code 51.014(b)] was in effect was voidable, not void ...."); 6 McDonald & Carlson at § 46:2 (noting that when interlocutory appeal is taken, "trial court generally retains jurisdiction of the case and, unless prohibited by statute, may make further orders, including dissolving the order that is the subject of the appeal").

**7.** *See Robertson*, 689 S.W.2d at 210 ("The trial court had no power to change or modify its judgment once an appeal had been taken therefrom.").

**8.** *Doctors Hosp. Facilities v. Fifth Court of Appeals*, 750 S.W.2d 177, 179 (Tex. 1988) (orig. proceeding).

**9.** *See Robertson*, 689 S.W.2d at 210 (holding that trial court's consent judgment was void for lack of jurisdiction because it was rendered while supreme court held exclusive plenary jurisdiction over the case).

**10.** *See* APA, 73d Leg., R.S., ch. 268, § 1, secs. 2001.001–.902, 1993 Tex. Gen. Laws 583, 730–52; APTRA, 64th Leg., R.S., ch. 61, 1975 Tex. Gen. Laws 136 (compiled as Tex. Rev. Civ. Stat. art. 6252–13a).

**11.** *See Railroad Comm'n v. Continental Bus System, Inc.*, 616 S.W.2d 179, 184 (Tex. 1981) ("The rule is sound that the Railroad Commission may not change an order after it loses jurisdiction by an appeal." (citing *Stewart v. Smith*, 126 Tex. 292, 83 S.W.2d 945, 947 (1935) (noting that agency "was without jurisdiction" to change its decision "after the judicial arm of the state had assumed jurisdiction of the matter")); *South Tex. Indus. Servs., Inc. v. Texas Dep't of Water Res.*, 573 S.W.2d 302, 304 (Tex. Civ. App.–Austin 1978, writ ref'd n.r.e.) ("It is well settled that when a suit is brought to test the validity of an agency order, the agency loses jurisdiction over the subject matter of such order while the suit is pending."); *Inman v. Railroad Comm'n*, 464 S.W.2d 895, 900 (Tex. Civ. App.–Austin 1971, writ ref'd n.r.e.) (noting "settled law that when a final order of the Commission is attacked by appeal, the Commission loses its jurisdiction over the order and is without authority to take any action thereon while the suit is pending"); *Edgar v. Stanolind Oil & Gas Co.*, 90 S.W.2d 656, 657 (Tex. Civ. App.–Austin 1935, writ ref'd) (holding that agency

shortly after the APA was adopted, the Legislature codified this jurisdictional principle in APA Section 2001.1775: "[A]n agency may not modify its findings or decision in a contested case after proceedings for judicial review of the case have been instituted . . . and during the time that the case is under judicial review." [12] In other words, once judicial-review proceedings are initiated, the agency loses jurisdiction over the subject-matter of the case.[13]

▪ The record conclusively establishes that the Board issued its amended order while Dass's appeal from the district court was pending before this Court and, thus, while this Court had exclusive plenary jurisdiction over the matter. Accordingly, the Board, at that time, lacked jurisdiction to modify its order and, as a result, its amended order is void.[14] Further, because the Board lacked jurisdiction to issue the amended order, the district court lacked, and this Court lacks, jurisdiction to review the merits of the void amended order.[15]

▪ The Board asserts, based on various grounds, that Dass has waived error. Subject-matter jurisdiction, which is essential to the authority of a court to decide a case, is never presumed and cannot be waived.[16] Moreover, not only may an issue

---

lacked jurisdiction to amend order that was under judicial review) (citing *Stewart*, 83 S.W.2d at 945)); *Smith v. Wald Transfer & Storage Co.*, 97 S.W.2d 991, 996 (Tex. Civ. App.–Austin 1936, writ dismissed); *see also*; *Granek v. Texas State Bd. of Med. Exam'rs*, No. 03-07-00380-CV, 2008 WL 744707, *4 (Tex. App.–Austin Mar. 19, 2008, pet. denied) (noting that agency "could not have issued another final order even if it had wanted to do so" because the APA "expressly precludes an agency from modifying its findings or decision in a contested case after proceedings for judicial review have begun") (citations omitted).

12. *Id.* § 2001.1775 (added by Act of April 25, 1995, 74th Leg., R.S., § 5.21, sec. 2001.1775, 1995 Tex. Gen. Laws 458, 487); Ronald L. Beal, *Texas Administrative Practice & Procedure*, § 9.3 ("[APA Section 2001.1775] appears to codify the judicial decisions that have held that once the contested case order becomes final and appealable, the agency loses jurisdiction over the matter.") (internal footnotes omitted) (citing *Coalition of Cities for Affordable Util. Rates v. Public Util. Comm'n*, 798 S.W.2d 560, 565 (Tex. 1990); *Continental Bus*, 616 S.W.2d at 184; *Sexton v. Mt. Olivet Cemetery Ass'n*, 720 S.W.2d 129, 142 (Tex. App.–Austin 1986, writ ref'd n.r.e.)).

13. *See Continental Bus*, 616 S.W.2d at 184; *Stewart*, 83 S.W.2d at 947; *Edgar*, 90 S.W.2d at 657; *South Tex. Indus. Servs.*, 573 S.W.2d at 304; *Inman*, 464 S.W.2d at 900.

14. *See* Tex. Gov't Code § 2001.1775; *Edgar*, 90 S.W.2d at 657 (holding that order modified by agency while order was under judicial review "was void for want of jurisdiction in the commission over the subject matter thereof") (citing *Stewart*, 83 S.W.2d at 945); *Stanolind Oil & Gas Co. v. Edgar*, 107 S.W.2d 631, 632 (Tex. Civ. App.–Austin 1937, no writ) (same).

15. *See Stanolind*, 107 S.W.2d at 632 (holding that because agency lacked jurisdiction to issue order, courts lacked jurisdiction over merits of order, but did have jurisdiction to declare the agency order void) (citing *Magnolia Petroleum Co. v. New Process Prod. Co.*, 129 Tex. 617, 104 S.W.2d 1106, 1109 (1937) ("Of course, if the commission did not have jurisdiction to try such issue, the courts obtained none by appeal.")); *see also Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) ("[A]ppellate courts do not have jurisdiction to address the merits of appeals from void orders or judgments; rather, they have jurisdiction only to determine that the order or judgment underlying the appeal is void and make appropriate orders based on that determination."); *Williams v. Steele*, 101 Tex. 382, 108 S.W. 155, 157 (1908) ("It is true that, then the court in which a judgment has been rendered has not jurisdiction, the appellate court has not power to do that which the trial court could not do; but it has authority and jurisdiction over the void proceedings to declare their invalidity and set them aside.").

16. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443–45 (Tex. 1993).

of subject-matter jurisdiction be raised for the first time on appeal by the parties or by the court,[17] "a court is *obliged* to ascertain that subject-matter jurisdiction exists regardless of whether the parties have questioned it." [18]

Having held that the Board's amended order is void because the Board lacked jurisdiction to modify its original order while that order was on appeal, and thus, that the district court and this Court lack jurisdiction to review the merits of the amended order, we vacate both the Board's order and the district court's summary judgment and dismiss the case.[19]

Vacated and Dismissed

---

**17.** *See id.* at 445.

**18.** *See University of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser,* 140 S.W.3d 351, 358 (Tex. 2004) (citing *Waco Indep. Sch. Dist. v. Gibson,* 22 S.W.3d 849, 853–854 (Tex. 2000)); *see also Freedom Commc'ns,* 372 S.W.3d 621 at 623; *Williams,* 108 S.W. at 157.

**19.** *See* Tex. R. App. P. 43.2(c) (authorizing appellate courts to "reverse the trial court's judgment in whole or in part and render judgment that the trial court should have rendered"); *Magnolia Petroleum Co. v. Railroad Comm'n,* 128 Tex. 189, 96 S.W.2d 273, 275 (1936) (rendering void agency order issued without jurisdiction).