# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-18-00474-CV

---

**Herbert Feist, Appellant**

**v.**

**David Gutierrez, Chairman of the Texas Board of Pardons and Paroles and Lorie Davis, Director of the Texas Department of Criminal Justice-Institutional Division, Appellees**

---

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-17-004316, THE HONORABLE TIM SULAK, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Herbert Feist appeals from the district court's order sustaining a plea to the jurisdiction filed by David Gutierrez, Chairman of the Texas Board of Pardons and Paroles, and Lorie Davis, Director of the Institutional Division of the Texas Department of Criminal Justice. We will affirm the district court's order.

Feist, an inmate confined in the Institutional Division, sued Gutierrez and Davis seeking a writ of mandamus compelling his release on parole and payment of certain funds. Specifically, he sought $150 that he claims should have been paid when he was released on parole in 2007 and reimbursement of certain parole fees collected from him without statutory authorization before the revocation of his parole in 2016. Gutierrez and Davis filed a plea to the jurisdiction. The district court sustained the plea and dismissed Feist's suit with prejudice. This appeal followed.

Feist subsequently informed this Court by letter that he has been released on parole. We must first consider whether his release moots this case because courts have no jurisdiction to decide moot cases. *See Glassdoor, Inc. v. Andra Grp.*, ___ S.W.3d ___, ___, No. 17-0463, 2019 WL 321934, at *2 (Tex. Jan. 25, 2019).[1] "Mootness occurs when events make it impossible for the court to grant the relief requested or otherwise 'affect the parties' rights or interests.'" *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018) (quoting *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012)). Feist has obtained the release he sought, but his claim for money damages continues to present a live controversy. Feist's appeal of the district court's ruling is not moot as to that issue. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case is not rendered moot simply because some of the issues become moot during the appellate process.").

Having concluded that Feist's appeal is not entirely moot, we turn to whether the district court correctly sustained the plea to the jurisdiction. We review a court's disposition of a plea to the jurisdiction de novo. *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 486 (Tex. 2018). We construe the pleadings liberally and in light of the pleader's intent to determine if the plaintiff has alleged facts affirmatively demonstrating the trial court's jurisdiction to hear the claim.[2] *Id.*

___

[1] We address whether the appeal is moot on our own motion because courts are "obliged to ascertain that subject-matter jurisdiction exists regardless of whether the parties have questioned it." *Raghunath Dass, P.E. v. Texas Bd. of Prof'l Eng'rs*, 517 S.W.3d 252, 257 (Tex. App.—Austin 2017, no pet.) (quoting *University of Tex. Sw. Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 358 (Tex. 2004)).

[2] Feist appears here pro se. We require pro se litigants to comply with all applicable laws and rules of procedure to avoid giving pro se litigants an unfair advantage over litigants represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978). However, we will construe the briefing liberally "so as to obtain a just, fair and equitable

Gutierrez and Davis argue for the first time on appeal that sovereign immunity bars Feist's claim. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012) (instructing appellate courts to consider sovereign immunity arguments raised for first time on appeal). Sovereign immunity from suit defeats a court's subject matter jurisdiction over suits against the state unless the state consents and waives its immunity. *Nazari v. State*, 561 S.W.3d 495, 500 (Tex. 2018). Claims for retrospective monetary relief "even by way of mandamus . . . are generally barred by immunity, absent legislative consent." *In re Nestle USA, Inc.*, 359 S.W.3d 207, 212 (Tex. 2012) (orig. proceeding). If the Legislature chooses to waive immunity, it must do so by "clear and unambiguous language." Tex. Gov't Code § 311.034. Feist seeks retrospective money damages but makes no attempt to identify a waiver of sovereign immunity. We conclude Feist failed to allege facts affirmatively demonstrating the district court's jurisdiction over his claim.

Feist asks us to remand this case to give him an opportunity to replead. Appellate courts generally must remand a case to afford parties an opportunity to amend their pleadings to cure a jurisdictional problem when the jurisdictional issue arose for the first time on appeal. *Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 558–59 (Tex. 2016). But remand is unnecessary if the plaintiff would be unable to amend his pleadings to invoke the trial court's jurisdiction. *Rusk State Hosp.*, 392 S.W.3d at 96. Even if Feist were to amend his pleadings to assert Gutierrez and Davis acted ultra vires, he would also need to identify a waiver of sovereign immunity for the money damages he seeks. *See City of El Paso v. Heinrich*, 284 S.W.3d 366,

adjudication of the parties' rights." *Veigel v. Texas Boll Weevil Eradication Found., Inc.*, 549 S.W.3d 193, 195 n.1 (Tex. App.—Austin 2018, no pet.) (citing *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989)).

373–77 (Tex. 2009) (explaining immunity generally bars retrospective monetary relief even in context of otherwise-proper ultra vires claim). In the absence of a waiver that Feist could conceivably plead facts to invoke, we will not afford him an opportunity to amend. *See Texas Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002) ("A plaintiff has a right to amend her pleadings to attempt to cure pleading defects if she has not alleged enough jurisdictional facts.").

We affirm the district court's order sustaining the plea to the jurisdiction.

_____

Edward Smith, Justice

Before Justices Goodwin, Baker, and Smith

Affirmed

Filed: July 31, 2019

4